William C. Heoht, Jr., J.
This is an application under section 964 of the Penal Law to restrain the defendant from the use of the name “ DeJur ” as well as “ DeJur Time Company
Petitioner was incorporated in the State of New York in 1923 and changed its name to DeJur-Amsco Corporation in 1928. The founders of the corporation were named “ DeJur In 1955 the petitioner registered the trade-mark name “DeJur” in the United States Patent Office and avers that ever since then has been and still is the owner of such registered trade-mark.
The petitioner is engaged in the design, development, manufacture and sale of precision products and the net sales run over ten million dollars. The stock is presently listed on the Stock Exchange and traded to the general public. Since January, 1960, the respondent, under the assumed name of “ Continental Time Company ” or in his own name and at an address in the vicinity of petitioner’s place of business, has assumed the name of “ DeJur Time Company” and has caused said name to be listed in the New York Telephone Directory.
In opposition thereto, the respondent states that in March, 1.960, he filed an application for the registration of a trade-mark identified as “ DeJur that notice was published in the Official *331 Gazette in October, 1960, and no objection was filed thereto; that thereby the respondent acquired the use of the trade name “ DeJur ” in legal fashion and has complied with all statutes in connection with the registration of a trade-mark, and the use of said trade-mark should not now be denied to respondent.
The Commerce and Trade Act (IT. S. Code, tit. 15, § 1052; Rules of Practice in Trademark Cases, § 2.42 [in tit. 15, Appendix]) permits concurrent use. Further, the respondent urges that it solely markets watches and clocks, whereas the petitioner has not engaged in such line of business and that it is highly inconceivable that it will engage in such business.
Proof of competition is not essential to sustain its right to relief where the similarity of name used tends or threatens to induce confusion in the public mind (Sullivan v. Ed Sullivan Radio & T. V. Inc., 1 A D 2d 609). Where the petitioner was the first to use the trade-mark on its products, it has exclusive right to use that trade-mark irrespective of the fact that respondent is also the registered owner of the trade-mark (Oakford Co. v. Kroger Co., 157 F. Supp. 453).
Respondent finally urges that he has never conducted his business in any manner to disparage petitioner’s name and has never in any way tarnished the reputation of petitioner, nor intended to mislead anyone into believing petitioner and respondent as one and the same person.
In Playland Holding Corp. v. Playland Center (1 N Y 2d 300, 303) the court stated: “ That does not mean, however, that the right may be defeated by a bare denial of intent to deceive or mislead the public. The proceeding 1 will still lie where respondent fails by affidavit to establish a true issue of fact ’, and insubstantial or incredible averments will not suffice to raise such an issue ’ ’.
In the case at bar, the intrinsic and objective circumstances about which there can be no issue establish respondent’s intent to appropriate in substantial part the name, good will and prestige of petitioner and thereby tend to mislead and deceive the public.
The application is therefore granted to the extent of restraining respondent from using the name “ DeJur ” or “ DeJur Time Company ” in his business, or any other simulation, derivation or approximation thereof, either alone or in conjunction Avith other words.